UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN VALLEY, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>v.<br><br>AUTOMATED SYSTEMS OF AMERICA, INC., and DOES 1-10, inclusive,<br><br>     Defendants. | Civil No. 11cv0325 JAH(WMc)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT [DOC. #11]** |

## INTRODUCTION

Currently pending before this Court is the motion for leave to file a first amended complaint by Justin Valley ("plaintiff"). Plaintiff's motion has been fully briefed by the parties. After a careful consideration of the pleadings submitted, and for the reasons set forth below, this Court GRANTS plaintiff's motion.

## BACKGROUND

The instant class action complaint, originally filed on February 16, 2011, seeks relief based on allegations that defendant Automated Systems of America, Inc. ("defendant ASAI"), as owner and operator of an ATM, imposed fees for electronic fund transfers without the fee notice required by 15 U.S.C. § 1693, commonly known as the Electronic Fund Transfer Act, and 12 C.F.R. § 205, commonly known as Regulation E. Plaintiff seeks class certification, statutory damages pursuant to 15 U.S.C. § 1693m, costs of suit,

and attorney's fees.

Defendant ASAI filed an answer to the complaint on March 29, 2011. A scheduling order was issued on June 28, 2011, setting pretrial deadlines, including a deadline for filing motions to amend pleadings.

On August 15, 2011, plaintiff filed the instant motion seeking leave to file a first amended complaint. Defendant ASAI filed a response to the motion on October 11, 2011. This Court subsequently took the motion under submission without oral argument.

## DISCUSSION

**1.    Legal Standard**

The filing of an amended complaint after a responsive pleading has been filed may be allowed by leave of court. Fed.R.Civ.P. 15(a). Rule 15(a) provides in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend within 20 days after it is served. Otherwise, a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The Supreme Court has instructed lower courts to heed the language of Rule 15(a) to grant leave freely when justice requires. Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973). Because Rule 15(a) mandates that leave to amend should be freely given when justice so requires, the rule is to be interpreted with "extreme liberality." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

Granting leave to amend rests in the sound discretion of the trial court. International Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits. DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. Genetech, Inc. v. Abbott Laboratories, 127 F.R.D. 529 (N.D. Cal. 1989).

However, even though leave to amend is generally granted freely, it is not granted

automatically. *See* Zivkovic v. Southern Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). Four factors are considered when a court determines whether to allow amendment of a pleading. These are prejudice to the opposing party, undue delay, bad faith, and futility. *See* Forsyth v. Humana, 114 F.3d 1467, 1482 (9th Cir. 1997); DCD Programs, 833 F.2d at 186; *see also* Foman v. Davis, 371 U.S. 178, 182 (1962).

These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend. DCD Programs, 833 F.2d at 186; Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). The single most important factor is whether prejudice would result to the nonmovant as a consequence of the amendment. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1053 (9th Cir. 1981). A motion to amend may also be denied if the new cause of action would be futile. *See* Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991). A proposed amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

Once a pretrial scheduling order has issued pursuant to Federal Rule of Civil Procedure 16(b), however, a party must show "good cause" to amend its pleadings. United States v. Dang, 488 F.3d 1135, 1142 (9th Cir. 2007); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under ... Rule 15." Johnson, 975 F.2d at 609 (internal quotations omitted). Lack of prejudice to the non-movant does not constitute "good cause." *See* Coleman v. Quaker Oats Co., 232 F.3d 1271, 1295 (9th Cir. 2000) (explaining that prejudice to the non-movant, "although not required under Rule 16(b), supplies an additional reason for denying the motion"). Unlike Rule 15's liberal amendment policy, Rule 16's "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson, 975 F.2d at 609; *see also* Coleman, 232 F.3d at 1294. A court must consider "whether the moving party knew or should have known the facts and theories raised by the amendment in the original

pleading." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 953 (9th Cir. 2006) (internal quotations omitted). Where a movant "[has] failed to show diligence, 'the inquiry should end.'" Coleman, 232 F.3d at 1294 (quoting Johnson, 975 F.2d at 609).

**2.    Analysis**

Plaintiff seeks leave to file a first amended complaint to add an additional defendant, Regakis Enterprises, Inc. (d/b/a Angelo's Burgers) ("Angelo's Burgers"), and to assert a new claim against both defendants for violations of California's Business & Professions Code § 17200, also known as California's Unfair Competition Law. The amended complaint seeks statutory damages, a declaratory judgment, an injunction, costs of suit, and attorney's fees.

Plaintiff claims, after conducting further investigation, that Angelo's Burgers is responsible for the violation and contends that no prejudice would result from this Court granting plaintiff leave to amend. *See* Doc. #11 at 2, 4. Defendant ASAI opposes the motion, arguing that plaintiff has failed to give adequate reasons why Angelo's Burgers should be joined as an additional defendant. *See* Doc. #15 at 2. Defendant ASAI further contends that plaintiff has failed to offer any evidence that ASAI owns or operates the ATM in question. *See* Doc. #15 at 1. In effect, ASAI contends that plaintiff's allegations are futile because of insufficient evidence to support the claims.

As to ASAI's futility argument, the Court need only determine whether plaintiff's proposed amendment states a claim upon which relief may be granted. *See* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563. As explained previously, a proposed amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim. Miller, 845 F.2d at 214. This Court finds plaintiff's proposed amended complaint states sufficient facts that, if proven, would constitute a valid claim. Accordingly, defendant's futility argument fails.

Defendant ASAI acknowledges otherwise "that motions to amend pleadings should be liberally granted and does not take issue with this judicial policy." *See* Doc. #15 at 2. ASAI does not contend that the proposed amended complaint was untimely or brought

in bad faith, or would result in prejudice to ASAI.

This Court finds no lack of diligence on plaintiff's part in determining that the additional defendant and the new claim should be included in this case. This Court further finds plaintiff has sufficiently shown good cause and has not unduly delayed in seeking to amend the complaint. As such, the Court finds no valid reason to deny plaintiff leave to amend.

## CONCLUSION AND ORDER

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that plaintiff's motion for leave to amend [doc. # 11] is **GRANTED**. Plaintiff's proposed first amended complaint, attached as Exhibit A to plaintiff's notice of errata filed on August 17, 2011, shall be deemed filed as of the date this order is filed. The parties shall comply with the Federal Rules of Civil Procedure and the Local Rules of this District in filing responsive pleadings thereto.

DATED: January 13, 2012

JOHN A. HOUSTON
United States District Judge